# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## DOCKET NO: 3:19-CV-00717-MOC-DCK

| | |
|---|---|
| MISHELLE LOZANO LOCKERBY, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| CROSS POINT NC PARTNERS, LLC, and CORTLAND MANAGEMENT, LLC, | ) |
| Defendants, | ) |

**THIS MATTER** is before the Court on Defendants' motion to dismiss for failure to state a claim upon which relief can be granted, brought pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 7). As discussed below, Defendants' motion is denied at this time.

## I. BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint and construed in the light most favorable to Plaintiff. Defendant Cross Point owns and operates Sardis Place Apartments in Matthews, North Carolina, for the benefit of Defendant Cortland Management. See Am. Compl. ¶ 13. From around December 2015 until March 2019, Plaintiff rented one of those apartments from Defendants. See id. ¶ 89. Over that period, Plaintiff executed two leases with Defendant Cross Point. The first was effective December 2015 with a monthly rent of $810. See Ex. 1. The second was effective April 2018 with a monthly rent of $865. See Ex. 2.

Both the 2015 Lease and the 2018 Lease required Plaintiff to pay rent by the first day of each month. See Ex. 1 § 6; Ex. 2. § 1(E)(1). If Plaintiff failed to pay rent by the fifth day of the month, each lease levied a late fee of five percent of the monthly rent. See Ex. 1 § 6; Ex. 2 § 1(D). Regarding other legal remedies for non-payment of rent, the 2015 Lease states:

> Upon your default, we have all other legal remedies, including lease termination and summary ejectment under state statute. We may recover from you attorney's fees and all litigation costs to the extent permitted by law. In the event we file a summary ejectment lawsuit against you, we may also recover from you the highest one of the following fees (which shall be in addition to late fees, attorney's fees, and any applicable court costs): (1) Complaint Filing Fee . . . (2) Court Appearance Fee . . . [or] (3) Second Trial Fee.

Ex. 1 § 31. Similarly, the 2018 Lease indicates:

> If Our filing of a lawsuit against you, including any summary ejectment lawsuit, establishes a default of this Agreement by You, You shall pay Us all court costs associated with such action. Should You be in default of this Agreement, and should We choose to retain an attorney to enforce such default, you shall owe Us reasonable attorney's fees, as specifically defined by N.C. Gen. Stat § 6-21.2(2) and as generally provided in N.C. Gen. Stat. § 42-46(h)(3), on the Outstanding Balance owed under this Agreement. You understand and agree that, should We choose to enforce this reasonable attorney's fees provision pursuant to N.C. Gen. Stat § 6-21.2(5), the reasonable attorney's fees shall equal the exact percentage of the Outstanding Balance specified by N.C. Gen. Stat § 6-21.2(2), and pursuant to applicable North Carolina law. You also understand and agree that the reasonable attorney's fees assessed against You may not necessarily equal, and may in fact exceed, the actual amount paid by Us to an attorney.

Ex. 2 § 31(B)-(C).

Thereafter, Plaintiff was late paying rent on several occasions, and under both leases. Am. Compl. ¶ 93. Defendants purportedly responded by sending misleading collection letters and by automatically levying certain fees on her account ledger, each of which is alleged to be unlawful. Id. ¶¶ 94, 96. As to the fees, Plaintiff asserts that Defendants automatically charged filing, service, and attorneys' fees, as well as out-of-pocket expenses, although such costs were not incurred. Id. ¶¶ 100–01. Also, these fees were levied "[e]ven though a North Carolina court never awarded any portion of the Eviction Fees to Defendants, but in fact specifically assessed costs against Defendants." Id. ¶ 147. Plaintiff maintains that her payment of fees was not a lawsuit settlement. Id. ¶ 144. Lastly, she alleges these actions occurred repeatedly, including in: July 2016, November 2016, October 2018, November 2018, December 2018, and February 2019. Id. ¶¶ 97–140.

As to the collection letters, Plaintiff alleges that Defendants wrongfully "claimed that Eviction Fees were owed prior to a North Carolina court awarding such Eviction Fees to Defendants." Id. ¶ 141. Likewise, some of the letters claimed that such fees were due even though Defendants had not incurred any out-of-pocket expenses. Id. ¶ 111. Finally, many of the letters "falsely asserted that an eviction had been filed when it had not." Id. ¶ 143 (citing Ex. 11–12).

On July 30, 2019, Plaintiff first sued Defendant Cross Point in the Mecklenburg County Superior Court, alleging it engaged in unlawful and unfair debt collection practices to collect improper charges in violation of state law. (Doc. No. 1-1 at 3). Plaintiff sought to institute a class action on behalf of all tenants of any North Carolina apartment in which Cross Point provided property management services. Subsequently, Plaintiff amended her complaint to substitute Defendant Cortland Management as a party, who then filed a Notice of Removal in accordance with 28 U.S.C. § 1446. (Doc. No. 1 ¶ 8). Defendants then filed this Motion to Dismiss.

## II. DISCUSSION

In the Amended Complaint, Plaintiff asserts five causes of action: (1) violations of the North Carolina Residential Rental Agreements Act, N.C. Gen. Stat. § 42–46; (2) violations of the North Carolina Debt Collection Act, N.C. Gen. Stat. § 75–50, *et seq.*; (3) violations of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq.*; (4) a petition for declaratory judgment, N.C. Gen. Stat. § 1-253, *et seq.*; and (5) negligent misrepresentation. See Am. Compl. ¶¶ 166–233. Defendants contend each claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), as Plaintiff has failed to state claims upon which relief can be granted. (Doc. No. 7).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See In re Birmingham, 846 F.3d 88, 92 (4th Cir.), as amended (Jan. 20, 2017), cert. denied, 138 S. Ct.

468 (2017). To survive such a motion, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level, thereby nudging its claims across the line from conceivable to plausible." Vitol, S.A. v. Primerose Shipping Co., 708 F.3d 527, 543 (4th Cir. 2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

When ruling on a motion to dismiss, the Court considers "the complaint in its entirety, as well as documents attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011) (citation omitted). The Court "must accept as true all of the factual allegations contained in the complaint" and draw "all reasonable inferences" in favor of the non-movant. Id. Even so, factual allegations are insufficient if they rely on "naked assertions" and "unadorned conclusory allegations" that are "devoid of factual enhancement." In re Birmingham, 846 F.3d at 92. And "the Court is not obliged to assume the veracity of the legal conclusions drawn from the facts alleged." Id.

Drawing reasonable inferences in favor of Plaintiff, the Court cannot say at this time that Plaintiff fails to raise a plausible claim for relief. Therefore, the Court will deny Defendants' Motion to Dismiss at this time, holding the motion under consideration pending further development of the record.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (Doc. No. 7) is **DENIED** at this time. The Court will reconsider the motion after discovery and the filing of summary judgment motions.

Signed: March 25, 2020

Max O. Cogburn Jr
United States District Judge

4