# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:19-CV-717-MOC-DCK

| | | |
|---|---|---|
| MISHELLE LOZANO LOCKERBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CROSS POINT NC PARTNERS, LLC, d/b/a | ) | |
| SARDIS PLACE AT MATTHEWS, and | ) | |
| CORTLAND MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion To Stay" (Document No. 22) filed April 10, 2020. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>deny</u> the motion.

By the instant motion, Defendants seek to stay this case until the United States Court of Appeals for the Fourth Circuit issues decisions on appeals of two orders by the Honorable James C. Dever III; <u>Suarez v. Camden Property Trust, et al.</u>, 2019 WL 1301951 (E.D.N.C. Mar. 21, 2019) and <u>Milroy v. Bell Partners, Inc., et al.</u>, 2019 WL 3451506 (E.D.N.C. July 30, 2019). (Document No. 22). Defendants contend that this case, <u>Suarez</u> and <u>Milroy</u>, and at least three other cases pending appeal (<u>Hampton</u>, <u>Talley</u>, and <u>Medina</u>) address substantially the same issue of "whether, during the plaintiff's tenancy, North Carolina law permitted a landlord to charge a tenant in default for out-of-pocket expenses, such as court costs and service costs, and for attorney's fees if authorized in the lease." (Document No. 23, pp. 1-2) (citations omitted).

Defendants note that Judge Dever applied the reasoning from <u>Suarez</u>, in <u>Milroy</u>. (Document No. 23, p. 2).  Defendants also state that "[o]nce the Fourth Circuit [ ] issues its opinion in either *Suarez* or *Milroy*, the parties for the first time, will have the ability to analyze this matter in light of binding precedent."  (Document No. 23, p. 6).

This motion has now been fully briefed.  <u>See</u> (Document Nos. 23, 25, and 26).  In addition, Plaintiff filed a "Notice Of Appellate Decision" (Document No. 28) on June 29, 2020.  Plaintiff's "Notice…" reports that the Fourth Circuit has issued a decision in <u>Suarez</u>, but not <u>Milroy</u>.  The undersigned notes that the Fourth Circuit held that:

> We agree with Suarez that the 2018 amendment should not be applied retroactively.  We also agree that the pre-amendment version of the statute did not authorize the filing fee or service fee charged by Camden.  However, we disagree with Suarez regarding the attorney's fees and conclude that the pre-amendment version of the statute authorized the attorney's fees.  For these reasons, we affirm in part and reverse in part the judgment of the district court.

<u>Suarez v. Camden Prop. Tr.</u>, 2020 WL 3397849, at *1 (4th Cir. June 19, 2020)

Based on the foregoing, including Defendants' acknowledgement of the significant similarities between <u>Suarez</u> and <u>Milroy</u>, the undersigned finds that this Court, in its discretion, should deny the motion to stay.  This matter has been effectively stayed for several months, and the parties should now proceed with an Initial Attorney's Conference and the filing of Certificate of Initial Attorney's Conference.

**IT IS, THEREFORE, ORDERED** that "Defendants' Motion To Stay" (Document No. 22) is **DENIED**.

Signed: July 21, 2020

David C. Keesler
United States Magistrate Judge

2